UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLEY LYNN PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | CASE NO. 3:16-CV-05901-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Shelley Lynn Pearson filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

The Court finds the Administrative Law Judge ("ALJ") failed to consider the opinion of examining psychologist Dr. Dan Neims, Psy.D. when finding Plaintiff not disabled. Had the ALJ

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is substituted as Defendant for former Acting Commissioner Carolyn W. Colvin. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

considered Dr. Neims' opinion, the residual functional capacity ("RFC") assessment may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On June 20, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of January 1, 2013. *See* Dkt. 7, Administrative Record ("AR") 11. The application was denied upon initial administrative review and on reconsideration. *See* AR 11. A hearing was held before ALJ Virginia M. Robinson on December 17, 2014. *See* AR 29-83. In a decision dated April 24, 2015, the ALJ determined Plaintiff was not disabled. *See* AR 11-23. Plaintiff sought review of the ALJ's decision and submitted new evidence, including an evaluation completed by Dr. Dan Neims, Psy.D., to the Appeals Council. *See* AR 5, 7. The Appeals Council considered the new evidence and denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the administrative record, including an evaluation completed by Dr. Neims, fails to provide substantial evidence to support the ALJ's decision to deny disability benefits. *See* Dkt. 9, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ's decision is supported by substantial evidence in light of the new evidence submitted to the Appeals Council and included in the administrative record.**

On April 3, 2015, Dr. Neims completed a Psychological/Psychiatric Evaluation of Plaintiff. AR 688-705. The evaluation was not submitted to the ALJ, but was submitted to the Appeals Council. *See* AR 1-5, 24-28. The Appeals Council considered Dr. Neims' evaluation and found the new evidence did not provide a basis for changing the ALJ's decision. AR 2. Plaintiff argues, in light of Dr. Neims' opinion, substantial evidence does not support the ALJ's decisions finding Plaintiff not disabled at Steps 4 and 5 of the sequential evaluation process. Dkt. 9, pp. 3-5.

When the Appeals Council considers new evidence in denying review of the ALJ's decision, "the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence" and free of legal error. *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012); *Taylor v. Commissioner of Social Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). As Dr. Neims' evaluation was considered by the Appeals Council, the Court must consider this evidence in determining if the ALJ's decision is supported by substantial evidence and free of legal error.

Dr. Neims completed an evaluation wherein he found Plaintiff's ability to perform basic work activities was limited by her mental impairments. *See* AR 687-704. He opined Plaintiff had marked limitations in making simple work-related decisions, communicating and performing effectively in a work setting, completing a normal work day and work week without interruptions from psychologically based symptoms, maintaining appropriate behavior in a work

setting, and setting realistic goals and planning independently. AR 690. He also found Plaintiff was moderately limited in her ability to understand, remember, and persist in tasks by following detailed instructions, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, perform routine tasks without special supervision, adapt to changes in a routine work setting, be aware of normal hazards and take appropriate precautions, and ask simple questions or request assistance. AR 690.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Defendant argues the ALJ's decision should be affirmed because Dr. Neims' opinion can be properly disregarded. *See* Dkt. 10, pp. 10-12. Because Dr. Neims' opinion was not submitted to the ALJ, the ALJ did not provide any reasons for discounting Dr. Neims' opinion. *See* AR 11-28. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). As the ALJ did not consider Dr. Neims' opinion, the Court is not persuaded by Defendant's assertion that the opinion can be disregarded.

1       Under *Brewes*, the Court must review the entire record, including Dr. Neims' opinion,

2 when determining if the Commissioner's decision is supported by substantial evidence and free

3 of legal error. As the ALJ did not consider Dr. Neims' opinion when finding Plaintiff was not

4 disabled, the final decision of the Commissioner is erroneous. *See Ramirez v. Shalala*, 8 F.3d

5 1449, 1453-54 (9th Cir. 1993) (finding the ALJ's and the Appeals Council's failure to provide

6 any reason for disregarding a physician's opinion submitted to the Appeals Council was

7 improper).

8       An error is harmless if it is not prejudicial to Plaintiff or "inconsequential" to the ALJ's

9 "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d

10 1050, 1055 (9th Cir. 2006); *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Here, the

11 ALJ did not include limitations in the RFC assessment that are consistent with Dr. Neims'

12 findings. *See* AR 16, 690. In assessing the RFC, the ALJ found Plaintiff was able "to perform a

13 full range of work at all exertional levels but with the following nonexertional limitations: Only

14 superficial interaction with coworkers and incidental interaction with the public." AR 16. The

15 RFC does not, for example, include limitations opined to by Dr. Neims regarding Plaintiff's

16 concentration, persistence, and pace or her ability to attend work. *See* AR 16, 690. As the ALJ

17 did not properly consider Dr. Neims' opinion or include limitations in the RFC which are

18 consistent with Dr. Neims' findings, the RFC is defective. *See Valentine v. Commissioner Social*

19 *Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations

20 is defective"); *Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the

21 ALJ's RFC determination and hypothetical questions posed to the vocational expert defective

22 when the ALJ did not properly consider a doctor's findings).

23

24

1      The Court also notes Dr. Neims' opinion bolsters the opinions of treating and examining
2  medical providers contained in the record. For example, Dr. R.A. Cline, Psy.D. opined, in part,
3  Plaintiff is moderately limited in her ability to complete a normal work day and work week
4  without interruptions for psychologically based symptoms. AR 410. The ALJ gave Dr. Cline's
5  opinion little weight. AR 20. The record now contains two opinions finding Plaintiff will have
6  difficulties completing a normal work day and work week. *See* AR 410, 690. Therefore, Dr.
7  Cline's opinion has been bolstered by Dr. Neims' opinion which may result in the ALJ giving
8  additional weight to Dr. Cline's opinion. Further, the ALJ gave little weight state agency
9  consultants Drs. Jerry Gardner, Ph.D.'s and Eugene Kester, M.D.'s opinions that Plaintiff had
10 intermittent interruption of focus. AR 19. Dr. Neims found Plaintiff's thought process and
11 content were slowed with patterns of confusion and distractibility. AR 691. Had the ALJ
12 considered Dr. Neims' evaluation of Plaintiff, she may have given more weight to the findings of
13 Drs. Gardner and Kester regarding Plaintiff's ability to focus.
14     Defendant argues Dr. Neims' opinion is not directly responsive to the testimony of the
15 vocational expert ("VE") and, therefore, remand is not warranted. Dkt. 10, p. 5. Had the VE
16 considered a hypothetical question which was consistent with Dr. Neims' opinion and testified
17 that Plaintiff would still be capable of performing jobs which exist in the economy, the failure to
18 consider Dr. Neims' opinion might be harmless. Here, however, the VE did not respond to a
19 hypothetical question which included the limitations opined to by Dr. Neims. Further, neither the
20 ALJ nor counsel for Plaintiff was in a position to propound such a question because the VE
21 testified prior to Dr. Neims' examination of Plaintiff. *See* AR 31, 688. The fact Plaintiff's
22 counsel or the ALJ did not propound a hypothetical question mirroring Dr. Neims' testimony
23 confirms the record is not complete. Thus, the Court is not persuaded by Defendant's argument.
24

In summation, the ALJ did not consider Dr. Neims' opinion or include limitations in the RFC which are consistent with Dr. Neims' opinion. Further, Dr. Neims' evaluation and opinion may bolster medical opinion evidence in the record. Therefore, the Court finds the ultimate disability determination may change if the ALJ properly considers Dr. Neims' opinion. Accordingly, remand is necessary to allow the ALJ to reconsider the entire record at each step of the sequential evaluation process.

## CONCLUSION

Based on the foregoing reason, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 27th day of March, 2017.

David W. Christel
United States Magistrate Judge